UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Cause No. 2:09-CR-035-PPS-PRC |
| RONALD ZITT, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This is an old case from the docket of Judge Rudy Lozano. Defendant Ronald Zitt was indicted in February 2009. [DE 1.] In September 2009, a superceding indictment was filed charging Zitt with dealing heroin and conspiring with five co-defendants to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 75 at 1–3 (Counts 1–2), 5 (Count 4).] Zitt rejected a plea agreement and proceeded to trial. [DE 244.] Following a three-day trial, the jury returned a guilty verdict on the three charges against Zitt. [DE 346; DE 347; DE 348; DE 351.] After many delays, Zitt was sentenced by Judge Lozano in February 2012 to life imprisonment on the conspiracy count and concurrent terms of 360 months imprisonment on each of the two distribution counts. [DE 534; DE 535.] His conviction was affirmed on appeal. [DE 621.]

Zitt has filed a *pro se* letter to the Court, in which he requests appointment of counsel to address issues that "were not raised at the time of trial" in the hopes he can "get some post-[conviction] relief" based on changes in the law since his sentence was entered. [DE 795.] The letter, construed as a motion for appointment of counsel, will be

denied for several reasons. First, Zitt has no constitutional or statutory entitlement to appointment of counsel in a proceeding under the First Step Act. *See United States v Carr*, No. 21-1668, 2021 WL 5492813, at *1 (7th Cir. Nov. 23, 2021) (citing *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Clayton*, 811 F.3d 918, 921–22 (7th Cir. 2016)). Second, even assuming without deciding that I have any discretion to appoint Zitt counsel in this context, his motion provides no substance persuading me to do so. Zitt does not offer a cogent explanation of the legal theory he would invoke in support of a sentence reduction or compassionate release from prison. Finally, I have already considered and denied as untimely Zitt's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 788; DE 791.]

**ACCORDINGLY:**

Defendant Ronald Zitt's motion for appointment of counsel [DE 795] is **DENIED**. The Clerk shall provide a copy of this order to Zitt at the institutional address from which his letter was sent.

**SO ORDERED**.

ENTERED: March 2, 2023.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT